DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas, which denied appellant's motion to dismiss his pending domestic violence indictment. For the reasons set forth below, this court affirms the judgment of the trial court. *Page 2 
 {¶ 2} Appellant, William Grinnell, sets forth the following single assignment of error:
 {¶ 3} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS THE PENDING INDICTMENT AGAINST HIM FOR THE REASON THAT OHIO REVISED CODE 2919.25 IS UNCONSTITUTIONAL AS APPLIED TO HIM."
 {¶ 4} The following undisputed facts are relevant to the issues raised on appeal. On November 11, 2006, appellant was indicted by a Wood County grand jury with one count of domestic violence in violation of R.C.2919.25.
 {¶ 5} The indictment stems from a September 13, 2006 incident. Appellant was alleged to have knowingly caused or attempted to cause physical harm to the natural mother of his child. Appellant was not married to her on September 13, 2006, and he has never been married to her.
 {¶ 6} On December 1, 2006, appellant moved to dismiss the indictment on the grounds that R.C. 2919.25 was unconstitutional in light of the Defense of Marriage Amendment, Section 11, Article XV, of the Ohio Constitution.
 {¶ 7} On March 16, 2007, the trial court denied appellant's motion to dismiss. On March 20, 2006, appellant pled no contest to a violation of R.C. 2919.25(A). Appellant has filed a timely notice of appeal.
 {¶ 8} Appellant asserts that R.C. 2919.25 is in violation of Section 11, Article XV, because it gives legal status to unmarried individuals. In pertinent part, Section 11, *Page 3 
Article XV, states, "This state and its political subdivisions shall not create or recognize a legal status for relationships of unmarried individuals that intends to approximate the design, qualities, significance or effect of marriage."
 {¶ 9} R.C. 2919.25(A) states, "No person shall knowingly cause or attempt to cause physical harm to a family or household member. R.C.2919.25(F)(1)(a)(i) defines family or household member as "A spouse, a person living as a spouse, or a former spouse of the offender."
 {¶ 10} Appellant concedes that, at the time his brief was filed, this same issue had been certified by the Ohio Supreme Court. Subsequently, in State v. Carswell, 114 Ohio St.3d 210, 2007-Ohio-3723, the court issued an opinion on the matter in question.
 {¶ 11} In Carswell, the court held, "the term `person living as a spouse' as defined in R.C. 2919.25 merely identifies a particular class of persons for the purposes of the domestic-violence statutes. It does not create or recognize a legal relationship that approximates the designs, qualities, or significance of marriage as prohibited by Section11, Article XV, of the Ohio Constitution." Id. at ¶ 37.
 {¶ 12} Pursuant to the reasoning established by the Ohio Supreme Court in Carswell, R.C. 2919.25, as applied to appellant, did not violate Section 11, Article XV, of the Ohio Constitution.
 {¶ 13} Wherefore, for the reasons stated herein, we find that appellant's assignment of error is not well-taken. On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs *Page 4 
of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing this appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., concur. *Page 1